**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-3335-RMR

CHANTAL ALEJANDRA MORALES ROJAS,

Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security,

Respondents.

---

**ORDER**

---

Petitioner Chantal Alejandra Morales Rojas ("Petitioner") lawfully entered the United States on a J-1 exchange visitor visa as an au pair in January 2023. ECF No. 4 ¶ 5. She has lived in the United States since. *Id.* Before her exchange program ended, she filed an application with U.S. immigration to remain in the United States while her case was pending. *Id.* On July 20, 2026, Petitioner flew from her home in Oakland California to Denver, California to provide childcare to a former employer over a busy weekend. *Id.* ¶6. When Petitioner returned to Denver Internation Airport for her flight back to Oakland, Immigration and Customs Enforcement ("ICE") agents issued a warrant for her arrest. *Id.* ¶ 7. Within hours, Petitioner was detained without any assessment of whether she was a flight risk or danger to the community. *Id.*

On July 28, 2025, an immigration judge found that Petitioner was not a danger to the community and found any flight risk could be mitigated by a $3,000 bond. *Id.* ¶ 15. The bond order did not contain any additional conditions for her release and did not allow ICE to place any additional conditions. *Id.* Even so, prior to her release from ICE detention, Petitioner was fitted with an ankle monitor and told she must report to an ICE office in San Francisco on August 6, 2026, as a condition of her release." *Id.* ¶ 16.

Petitioner filed the instant First Amended Petition for Writ of Habeas Corpus ("Amended Petition"), ECF No. 4,[1] seeking immediate release from "any restrictions, restraints or other reporting requirements." *Id.* at 22. The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Respondents state they "have determined not to submit a brief in opposition to the Amended Petition detailing the facts and circumstances of this case." ECF No. 10 at 1. They submit that if the Court grants the Amended Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, remove any conditions relating to Petitioner's release from custody other than those set by the immigration judge's bond order." *Id.* at 2. Given this response, the Amended Petition is granted, and Respondents are ordered to remove any conditions relating to Petitioner's release from custody other than those set by the immigration judge's bond order.

[1] Respondent filed a response. ECF No. 10.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Amended Petition for Writ of Habeas Corpus (ECF No. 4) is **GRANTED**;
2. Respondents are **ORDERED** to remove any conditions relating to Petitioner's release from custody other than those set by the immigration judge's bond order;
3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
5. On or before **September 25, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: September 18, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge